12-2924-cv
Perez v. Shulman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                      *Circuit Judges*,
             EDWARD R. KORMAN,[*]
                      *District Judge*.

_____

ANDRES L. PEREZ,

          *Plaintiff-Appellant*,

          v.                                                    12-2924-cv

DANIEL WERFEL, Acting Commissioner,
Internal Revenue Service,

          *Defendant-Appellee*.[**]

_____

---

[*] The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

[**] Daniel Werfel is automatically substituted as the Appellee in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

For Appellant:                    Andres L. Perez, *pro se*, Middletown, NY.

For Appellee:                     Preet Bharara, United States Attorney, Shane P. Cargo, Sarah
                                  S. Normand, Assistant United States Attorneys, Southern
                                  District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Smith, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of said district court be and it hereby is **AFFIRMED**.

Andres Perez appeals the January 30, 2012 judgment of the district court entered following a jury verdict, denying his claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the district court's May 15, 2012 order denying his motion for a new trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the denial of a motion for a new trial for abuse of discretion. *See SEC v. DiBella*, 587 F.3d 553, 563 (2d Cir. 2009). There is conflicting case law within our Circuit as to whether a ruling "denying a motion for a new trial on grounds that a verdict is against the weight of the evidence" is reviewable on appeal. *Binder v. Long Island Lighting Co.*, 57 F.3d 193, 201 (2d Cir. 1995) (internal quotation marks omitted). We need not delve into this conflict here because we conclude that regardless, the magistrate judge did not abuse her discretion in denying Perez's request for a new trial, and we affirm substantially for the reasons articulated by the magistrate judge in her well-reasoned decision and order. *Perez v. Shulman*, No. 09-cv-8867 (S.D.N.Y. May 15, 2012). Perez's additional arguments on appeal do not alter this conclusion.

We "review a trial judge's handling of juror misconduct for abuse of discretion." *United States v. Abrams*, 137 F.3d 704, 708 (2d. Cir. 1998); *see also United States v. Cox*, 324 F.3d 77, 86 (2d Cir. 2003). Here, Perez raises for the first time on appeal a challenge to the magistrate judge's instruction to the jury following its note suggesting that it had prematurely begun to deliberate prior to the end of the case. While "[i]t is a generally accepted principle of trial administration that jurors must not engage in discussions of a case before they have heard both the evidence and the court's legal instructions and have begun formally deliberating as a collective body," *Cox*, 324 F.3d at 86 (internal quotation marks omitted), because Perez did not object to the magistrate judge's corrective instruction below, we review only for error that is "so serious and flagrant that it goes to the very integrity of the trial." *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002) (internal quotation marks omitted). Perez's challenge does not satisfy this standard. The record indicates that the specific instructions and conduct that Perez challenges were in fact requested by his counsel.

2

Finally, we review a district court's evidentiary rulings for abuse of discretion and will not disturb such rulings unless they are "manifestly erroneous." *See SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (internal quotation marks omitted); *see also Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 17 (2d Cir. 1996) (a new trial is warranted due to an erroneous evidentiary ruling only "where the introduction of inadmissible evidence is a clear abuse of discretion, and where that abuse of discretion is prejudicial to the ultimate result of trial"). The moving party has the burden of showing that "it is likely that in some material respect the factfinder's judgment was swayed by the error." *Tesser v. Bd. of Educ.*, 370 F.3d 314, 319 (2d Cir. 2004) (internal quotation marks omitted).

Here, the magistrate judge did not abuse her discretion in permitting an impeachment witness to testify. It cannot be said that the magistrate judge's ruling was "manifestly erroneous," as the lower court carefully limited the testimony pursuant to Fed. R. Evid. 403. In any event, Perez has failed to show that the evidence was prejudicial to the ultimate result of trial.

We have considered all of Perez's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3